Ramsey v. The Erie Railway Company.

---

JOSEPH H. RAMSEY, Appellant, v. THE ERIE RAILWAY COMPANY, and others, Respondents.

(GENERAL TERM, FIRST DEPARTMENT, SEPTEMBER, 1870.)

An order obtained by the defendants at a Special Term in Binghamton, notwithstanding an order, staying proceedings on the motion therefor, had been served on the defendants' attorneys, in New York, on the same day, but not in time to be communicated to counsel at Binghamton,—*Held* not to be irregular.

APPEAL by the plaintiff from an order denying a motion to vacate an order of the Broome Special Term, changing the venue of the action to New York. The facts appear in the opinion.

*Henry Smith* and *R. W. Peckham, Jr.*, for the appellant.

*David Dudley Field*, for the respondent.

Present—INGRAHAM, P. J., BARNARD and CARDOZO, JJ.

By the Court—INGRAHAM, P. J. The defendants noticed a motion to be heard at Delhi, in Delaware county, on 16th of May, 1870, to change the place of trial. The hearing was adjourned to 31st of May.

The plaintiff then served a notice of a motion for other relief, to be heard on second Monday of June, and obtained and served an order staying proceedings on the first motion until the second motion was heard.

This latter order staying proceedings was served on the 30th of May, 1870.

The defendants' attorney then served, on the evening of the 30th of May, an order to show cause the next day at Binghamton why the stay of proceedings served that day should not be vacated.

The plaintiff not being able to prepare papers and go to Binghamton to oppose said motion, applied to a justice of Supreme Court at Albany and obtained an order on the same day staying all proceedings of defendants' upon the motion to change the place of trial until the hearing of the motion before noticed for second Monday of June. This last order was served on the defendants' attorneys in New York, on the 31st of May, before ten o'clock A. M. The defendants' attorneys on the 31st of May obtained an order vacating the stay served on 30th of May, and then another order changing the place of trial.

A motion was then made by the plaintiff at the New York Special Term to vacate the order granted changing the place of trial for irregularity, on account of the last stay of proceedings, which motion was denied, and the plaintiff appeals therefrom.

It cannot be said that the motion on the part of the defendants to vacate the stay of proceedings, made at Delhi on twelve hours' notice after serving papers at Albany, or that the stay of proceedings served at New York at or about ten o'clock A. M. of the 31st of May, to prevent the making of the motions at Delhi or Binghamton were proper and orderly proceedings, consistent with a due administration of justice;

and. if we had the power on this appeal both should be set aside, and the parties remitted to the hearing of their original motion. But that cannot be done, and the only question that can be raised on this appeal is, whether the defendants were irregular in taking their order to change the place of trial at Binghamton without knowledge of the counsel attending to that motion of any stay of proceedings, although the same had about that time been served in New York.

I think his proceeding was not irregular. To give the order staying proceedings vitality, it should have been served in time to be communicated to the counsel acting at the court where the motion was made. This could not be done, as appears by the affidavits on the part of the plaintiff, and the order was therefore sent to New York, and even then was not served until about the hour of making the motion in. Binghamton. In *Havens* v. *Dibble* (18 Wend., 655), a plea was served on an agent at Geneva on the same day on which a default was entered in New York after service of the plea. The plaintiff was held to be regular, the court refusing to notice the serving of the plea under the circumstances of that service.

In *Brainard* v. *Hanford* (6 Hill, 368.) Bronson, J., says: " It may be laid down as a general rule that where the party waits and serves a paper on the day when his default for the want of it may be regularly taken, and the default is taken on that day in good faith and without knowing of the service, we will not inquire or take notice of the fact that the service was at an earlier hour in the day than the taking of the default."

The affidavit on the part of the plaintiff show that it was. impossible to get up the necessary papers between the service of the order to show cause and the departure of the train for Binghamton to oppose the motion, but they do not show that they could not have sent there in time to ask for an adjournment in order to obtain time to prepare such papers ; and there is no reason to suppose such time would not have been granted.

It seems to me, however, that the facts above referred to should have been held sufficient to have allowed a rehearing of the motion on the merits, but the appeal from that part of the order appealed from having been waived by the appellant, we cannot sustain the appeal for that cause.

Order appealed from should be affirmed but without costs

Order affirmed.